IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CIRILA BALTAZAR CRUZ and
R.J.M.B., by and through her
Next Friend, Cirila Baltazar Cruz                                                           PLAINTIFFS

VS.                                                         CIVIL ACTION NO. 3:10cv446-HTW-FKB

MISSISSIPPI DEPARTMENT OF
HUMAN SERVICES, et al.                                                                    DEFENDANTS

ORDER

This action was filed in 2010 against the Mississippi Department of Human Services and two of its employees, Vicki Hayes and Ralph Matthews (collectively referred to as MDHS), and against Singing River Health System, a hospital located on the Gulf Coast, and one of its employees, Abigail Medina; a second employee, Jessie Bether, was joined in 2012 (all collectively referred to as Singing River). Plaintiffs and MDHS have reached a tentative settlement which has not yet been finalized. Presently before the Court is the motion of Singing River for an intra-district transfer to the Southern Division pursuant to 28 U.S.C. § 1404(a). Having considered the motion, response, and reply, the Court concludes for the reasons set forth herein that the motion should be denied.

28 U.S.C. § 1404(a) provides that for the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought. There is no dispute that this action could have been brought in the Southern Division. Thus, the question before this Court is whether Singing River has satisfied its burden of establishing good cause for the transfer. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

In considering whether a movant has shown good cause for a transfer under §

1404(a), a court considers both private and public interest factors.  The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).  The public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] of the application of foreign law." *Id.*

Singing River relies upon four of these factors: The relative ease of access to evidence, the availability of compulsory process, the cost of attendance for witnesses, and the local interest in having this dispute decided in the Southern Division.   It points out that Singing River, non-party witnesses, Singing River's records, and Youth Court records are located in the Southern Division.   While it may be true that most of the evidence in this case is located in the Southern Division, Singing River has failed to identify any specific evidence or witness testimony for which access would be significantly more convenient if its motion were granted.  The costs of attendance for witnesses at depositions or compulsory process for non-parties' depositions is not at issue, as most of the depositions will undoubtedly be conducted in the Southern Division.  As for compulsory process for trial, Singing River has not identified any witness whose presence could not be compelled pursuant to Fed. R. Civ. P. 45(c)(1)(B).   In sum, the first three factors weigh, at most, only slightly in favor of transfer to the Southern Division.  The local interest factor likewise

weighs slightly in favor of transfer.

The most significant factor in the present case, however, is the public interest factor of judicial efficiency and economy. This action has been pending in this court for four years, and during that time several substantive rulings have been made and a partial settlement negotiated. A transfer to a court unfamiliar with this litigation at this late stage would not be in the interest of justice. This factor weighs heavily against transfer.

A plaintiff's choice of venue is to be respected when the transferee venue is not clearly more convenient. *Volkswagen*, 545 F.3d at 315. Singing River has not met its burden of showing that the Southern Division is a clearly more convenient forum. The Court concludes that given the presumptive convenience afforded Plaintiffs' choice of forum, the other factors weigh against transfer. For this reason, the motion to transfer is denied.

SO ORDERED this the 23rd day of July, 2014.

                                                /s/ F. Keith Ball
                                                UNITED STATES MAGISTRATE JUDGE